David A. Mattingley
BRYAN, DISTEFANO & MATTINGLEY, PLLP
423 1st Avenue East
PO Box 2341
Kalispell, MT 59901
david@nwmontanalaw.com
P: (406) 890-1880

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| KEVIN BROWN, individual,<br><br>Plaintiff,<br><br>vs.<br><br>SUN CANYON OUTFITTERS, LLC, a corporation and DOES 1 through 50,<br><br>Defendants. | Cause No. _____<br><br>Hon:_____<br><br>**INITIAL COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff Kevin Brown ("Plaintiff"), by and through undersigned counsel, and hereby alleges as follows:

### **PARTIES**

1. Plaintiff is an individual who, at all relevant times, resided in and is a citizen of Washington.

2. At all relevant times, Defendant Sun Canyon Outfitters, LLC. ("Outfitter") is a Montana company who operates outdoor outfitting adventures out of Augusta, Montana.

3. Does 1 through 50 are other unknown defendants that may also be liable for Plaintiff's damages.

## JURISDICTION AND VENUE

4. Plaintiff is and was at the time of the injury a resident and citizen of Washington.

5. Defendant Sun Canyon Outfitter has a physical address in Augusta Montana.  Defendant's place of incorporation and principal place of business is Montana.  Defendant is a citizen of Montana.

6. The parties to this action are thus citizens of different states and meet the diversity of citizenship requirement set forth in 28 U.S.C. § 1332(a)(1).

7. Plaintiff's demand for damages exceeds $75,000, exclusive of interests and costs.  Thus, the amount-in-controversy exceeds the minimal jurisdictional requirement set forth in 28 U.S.C. § 1332(a).

8. Upon information and belief, the injury occurred in Lewis and Clark County, thus venue is proper.

## ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff booked an elk hunting trip to occur at the Defendant's Sun Canyon Outfitter's ranch. Plaintiff scheduled this elk hunting trip to occur from approximately October 26, 2018 to October 31, 2018.

10. Plaintiff's scheduled this hunting trip to occur with him and his son.

11. Plaintiff and his son arrived at Sun Canyon Outfitter's lodge on the evening of October 26, 2018.

12. Defendant transported Plaintiff's party of two, along with 11 other hunters, by van to the horse staging area on the morning of October 27, 2018.

13. At the horse staging area, Defendant employee or agent spoke very briefly to the entire group of 13 about horses. The employee or agent also spoke about abusing livestock. Defendant employee or agent grabbed a horse by the reins and handed the horse to Plaintiff.

14. By information and belief, the Plaintiff's assigned horse's name was "Maggie."

15. Plaintiff mounted his horse and waited for further instructions. Defendant did not monitor Plaintiff's control or use of the horse during

these initial moments.  Defendant did not adjust or observe any of the horse equipment after Plaintiff first mounted the assigned horse.

16.    During the ride into the hunting camp in October of 2018, Plaintiff experienced issues with his horse.  His assigned horse was unresponsive to riding commands and when the horse did respond it was slow to follow the other horses in the horse line.

17.    Plaintiff's stirrups were not set at the same length.  Plaintiff also began to feel like his saddle was sliding off his horse.  Plaintiff asked the Defendant's employee or agent to adjust the stirrups.  Plaintiff also informed the same employee or agent about the saddle.

18.    On the trip out on or about October 29, 2018, Plaintiff and his son were awoken to the sound of a wolf pack in the nearby area.  Shortly thereafter, the group mounted their assigned horses for the trip out.

19.    Plaintiff's horse "Maggie" was unresponsive to commands as it seemed the horse wanted to be at the back of the pack.  On the trip out, the two guides were positioned at the front of the horse line rather than in the front and back.

20.    Plaintiff's horse began to fall behind the horse line.  Plaintiff was unable to control his horse to keep up with the horse line.  Plaintiff's horse began to trot uncontrollably on the downhill portions of the ride.

21. Plaintiff's horse at unpredictable times also began to run and became uncontrollable.

22. Plaintiff's horse bucked and reared up. Plaintiff was hit in the head by the horse and thrown from the horse.

23. None of Defendants' agents or employees were in the correct spots in the horse line to observe the horse's behavior.

24. Plaintiff sustained significant injury when he hit the ground.

25. Plaintiff was transported by helicopter to Great Falls where he received extensive treatment. Plaintiff suffered fractures at the spinous processes at T2, T3, and t4. Compression fractures were also noted at T2, T3, T4 and T5. Plaintiff also suffered a fractured sternum and several rib fractures.

26. Plaintiff missed 27 full-days and 7 days of half-days of work due to his injuries sustained from the horse fall.

**COUNT I – EQUINE LIABILITY (as to Sun Canyon Outfitters)**

27. Plaintiff by this reference incorporates all of the allegations set forth above.

28. Defendant Sun Canyon Outfitters and its agents had a duty to act in a safe and responsible manner at all times to avoid injuring Plaintiff

AND to be aware of risks inherent in equine activities. Mont. Code Ann. § 27-1-727(2).

29. Defendant Sun Canyon Outfitters breached its duty of care by providing the equipment or tack, namely the saddle and stirrups, that ultimately caused the injury because Defendant failed to reasonably and prudently inspect or maintain the equipment and failed to properly adjust the equipment during the ride.

30. Defendant's positioning in the horse line led to the failure to identify the problems with the saddle and stirrups, which caused Plaintiff injury.

31. Defendant Sun Canyon Outfitters breached its duty of care by assigning "Maggie" to Plaintiff while not taking the appropriate time and effort to determine Plaintiff's ability to safely engage in the horse activity or to determine Plaintiff's ability to safely manage "Maggie" and keep the horse in the appropriate position.

32. Finally, Defendant cumulative actions resulted in willful and wanton disregard for Plaintiff's safety and cumulatively caused Plaintiff's injury.

33. As a direct and proximate result of Defendant's breaches of its duty, Plaintiff suffered severe physical damage and emotional distress and

has been damaged in an amount, ultimately exceeding $75,000 but to be determined at trial.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants as follows:

A.	For an amount sufficient to fully compensate Plaintiff for his injuries, detriment, and damages;

B.	For medical expenses and interest incurred on sums expended for medical expenses;

C.	For wages lost;

D.	For all out of pocket expenses incurred as a result of Defendants' actions;

E.	For Plaintiff's reasonable attorney's fees and costs as allowed by law and equity;

F.	A jury trial; and

G.	For such other and further relief as the Court deems just and equitable.

DATED this 27th day of October, 2021.

						*/s/ David A. Mattingley*
						David Mattingley
						Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

**COMES NOW,** Plaintiff, Jim White respectfully demands that the foregoing action be tried before a jury.

**RESPECTFULLY SUBMITTED** this 27th day of October, 2021.

>   */s/ David A. Mattingley*
>   David Mattingley
>   Attorneys for Plaintiff